# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES P. THEYERL,

    Plaintiff,

v.                                  Case No. 05-C-1260

GAIL HOFFMAN, d/b/a UNITED STATES
OF AMERICA,

    Defendant.

## ORDER

On December 5, 2005, James P. Theyerl filed this petition pursuant to 28 U.S.C. § 2255, asserting that this court was without jurisdiction to sentence him in Case No. 05-CR-113. In that action, Theyerl was convicted on his pleas of guilty of Filing a False Form 8300 with the IRS in violation of 26 U.S.C. § 7206(1) and Uttering a False and Fictitious Site Draft in violation of 18 U.S.C. § 514(a)(2). Theyerl was sentenced to ten months imprisonment and five years of supervised release. In his § 2255 motion, as he argued in the case itself, Theyerl claims that all proceedings against him were conducted in a "clear absence of jurisdiction warranting the immediate release of James Paul Theyerl and other relief and compensation a competent administrative tribunal may find reasonable, lawful and just." (Petition at 2.)

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition and direct the clerk to notify the moving party.

From my review of Theyerl's petition, I am satisfied that he is not entitled to any relief. The very same issue that he seeks to raise in the § 2255 motion was fully addressed by this court in case number 05-CR-113. In truth, the issue Theyerl seeks to raise was addressed on more than one occasion by both this court and the magistrate judge. My specific recollection of the detailed discussion of the issue occurred at the final pre-trial on July 28, 2005. Theyerl has no right to raise an issue by § 2255 motion that was fully addressed in the principal action. Accordingly, relief on that basis would be denied. In addition, I note that Theyerl has in his § 2255 motion named the Assistant U.S. Attorney who prosecuted the case as the defendant. This is clearly improper and for this reason too, the motion will be denied and the action dismissed.

**SO ORDERED**.

Dated this   9th   January, 2006.

                                                           s/ William C. Griesbach
                                                           William C. Griesbach
                                                           United States District Judge