UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES P. THEYERL,

    Petitioner,

v.                                         Case No. 05-C-1260

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

In case number 05-CR-113, petitioner James P. Theyerl was convicted on his pleas of guilty of filing a false Form 8300 with the IRS in violation of 26 U.S.C. § 7206(1) and uttering a false and fictitious cite draft in violation of 18 U.S.C. § 514(a)(2). Theyerl was sentenced to ten months imprisonment and five years of supervised release. On December 5, 2005, Theyerl filed this action seeking relief from his conviction under 28 U.S.C. § 2255. Theyerl's sole claim was that the court lacked jurisdiction over him because the warrant upon which he was arrested was signed by the clerk, and not a judge. I summarily denied Theyerl's petition on the ground that the issue he sought to raise had been fully addressed in the underlying case and should have been raised on direct appeal. Since § 2255 is not a substitute for appeal, I concluded that Theyerl had procedurally defaulted the claim and was not entitled to relief. *See Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004) ("The district court was correct that Ballinger procedurally defaulted his argument that his plea was involuntary. He could have raised this argument if he litigated a direct appeal, so he is barred from raising it for the first time in a § 2255 motion.") I also denied Theyerl's motion

for reconsideration. Theyerl is again before the court, this time requesting a certificate of appealability with respect to three issues:

> 1) Whether James Paul Theyerl's Fourth Amendment Rights were violated when a warrant issued for his arrest was not signed by a neutral and detached magistrate or judge.
>
> 2) Whether the application of Fed. R. Crim. P. 4 which details the proper procedure for issuing an arrest warrant or summons in cases brought by complaint when probable cause exists to believe that the defendant has committed an offense is controlling on the initial arrest of the defendant is unconstitutional?
>
> 3) Whether the Federal Public Defender acting as Theyerl's "backup" counsel, who advised Theyerl that execution of the arrest warrant without a judge or Magistrate's signature was unconstitutional, provided ineffective assistance when he refused to file an appeal or consult with Theyerl about filing a notice of appeal prior to the finality of conviction?

(Petition Requesting Certificate of Appealability at 2.)

I note at the outset that two of the issues on which Theyerl seeks certification were never raised in his original § 2255 motion. For that reason alone, a certificate of appealability would be denied. But even if each of the issues had been properly raised, I still would not find this case an appropriate one on which to issue a certificate of appealability.

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

2

Here, I do not believe a reasonable jurist would find any of Theyerl's claims deserving of further review. Theyerl's argument that the warrant was invalid because it was signed by the clerk simply reflects a misunderstanding of the rules of criminal procedure as they apply in this case. Theyerl bases his argument on Rule 4(b), which states that a warrant must be signed by a judge. Fed. R. Crim. P. 4(b)(1)(D). But Rule 4 addresses the issuance of a warrant based upon a criminal complaint. Theyerl was charged in an indictment issued by a grand jury. Rule 9(b) governs the issuance of a warrant once a grand jury has returned an indictment. In that case, the rule provides that "the warrant must conform to Rule 4(b)(1) except that it must be signed by the clerk and must describe the offense charged in the indictment or information. Fed. R. Crim. P. 9(b)(1). WRIGHT explains the differences between warrants issue under Rule 4 and Rule 9:

> For the most part, Rule 9(b) incorporates by reference the provisions of Rule 4(c) concerning the form of a warrant or summons. There are a few minor differences, reflecting the different stage in the proceeding at which the warrant or summons is being issued. Thus, a warrant upon an indictment or information must be signed by the clerk rather than by the magistrate, and it describes the offense charged in the indictment or information rather than, as under Rule 4, the offense described in the complaint.

WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 3d § 152 at 105 (West 1999). Theyerl is simply mistaken in his belief that a warrant issued upon indictment by a grand jury must be signed by a judge. Thus, his claim is without merit.

In addition, as explained in my initial denial of Theyerl's § 2255 motion, this issue was fully addressed in the underlying criminal action. Both the magistrate judge conducting pretrial proceedings, as well as this court at the time of the pretrial, fully considered Theyerl's argument and rejected it. Theyerl's failure to appeal on this ground constitutes a procedural default and provides a further basis for denying his petition. *See Ballinger*, 379 F.3d at 429.

3

I recognize that a claim of ineffective assistance of counsel is not forfeited by failure to file a direct appeal and can be raised in a subsequent § 2255 motion. *See Massaro v. United States*, 538 U.S. 500 509 (2003). But as noted above, Theyerl never argued that his attorney was ineffective in his initial § 2255 motion. I therefore lack any basis upon which to issue a certificate of appealability with respect to that issue. Even if the issue had been raised in Theyerl's § 2255 motion, however, there are no factual allegations that would support such a claim. Theyerl's allegation that the Federal Defender, acting as "backup" counsel, advised him that execution of a warrant without a judge or magistrate judge's signature was unconstitutional, by itself would not be actionable. Even if that advice was actually given (which is doubtful in itself), there is no reason to believe that it caused any prejudice. Absent prejudice, Theyerl's claim of ineffective assistance of counsel fails. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.").

In sum, none of the issues on which Theyerl seeks a certificate of appealability warrant further review. Reasonable jurists would not disagree that he is not entitled to relief. Accordingly, the petition for a certificate of appealability should be and the same hereby is DENIED.

A copy of this order will be sent by my clerk to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

SO ORDERED this   29th   day of March, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

4

Case 1:05-cv-01260-WCG   Filed 03/29/06   Page 4 of 4   Document 10